740

24 C.C.P.A.(Patents)

**In re BUEHLER.**

**Patent Appeal No. 3793.**

Court of Customs and Patent Appeals.
March 29, 1937.

A. Yates Dowell, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

**GRAHAM, Presiding Judge.**

This is an application for a patent in the United States Patent Office. Claims 19, 20, 21, and 22 of the application were denied by the Primary Examiner and, on appeal, by the Board of Appeals, and this appeal has followed.

The application concerns certain claimed new and useful improvements in zigzag coolers or heat exchangers. The claims were denied on reference to British patents to Lightfoot, 13,089, of 1885, and Douglas, 26,788, of 1909. Claim 19 has been copied from the United States patent to Baer, 1,978,616, of October 30, 1934, for the purpose of interference.

The device which the appellant discloses is a heat exchanger containing a coil. The coil is surrounded with a casing, preferably made of some light sheet metal and covered with insulating material. The casing is water-tight, and a coil of pipe extends from the upper right-hand corner, back and forth across the width of the casing until it extends outwardly through the lower right-hand corner. Water enters this coil at its lower end and flows upward and outward through the upper end of the pipe. Near the exit pipe is a section of pipe through which fluid is permitted to run into the chamber around the pipe, and after it has flowed back and forth along the length of the pipe, it emerges at the lower right-hand corner of the casing. To support the pipe, and extending alternately most of the distance across the width of the casing, are troughs upon which the limb of the coil rests, and by which it is supported. As the water runs through the casing, it follows these troughs along the length of the pipes, and thus does not require the same amount of water as would be required if the coils were separated from the troughs.

Claims 19 and 20 are typical of the claims, 20 being typical of the group consisting of 20, 21, and 22. Claims 19 and 20 are as follows:

"19. In a heat exchange device, parallel wall members, fillers between said walls providing therewith a continuous labyrinthine passage in a single plane, and a uniplanar coil having its limbs arranged approximately centrally of the limbs of said passage.

"20. A heat exchanger comprising a casing having a zigzag passage therein extending from top to bottom, a zigzag coil in said casing following said passage, the inclined portions of said coil resting upon the bottoms of said inclined passage, the pipe forming said coil being of external diame-

ter almost equal to the internal diameter of said passage whereby a small quantity of liquid in said passage about said coil will substantially submerge said coil, and means for producing a flow of liquid."

The patent to Lightfoot is a heat exchanger and shows substantially the same arrangement as to heat exchanging as does the appellant, with this exception, the coils are suspended in the casing, and while they pass around the ends of the partitions alternately, they do not touch the partitions, but seem to be suspended in the center of the vacant space.

The patent to Douglas is of the same kind. The coils do not touch the intervening partitions.

It will be observed that the claims, of which claim 20 is typical, include the language "the inclined portions of said coil resting upon the bottoms of said inclined passage." This is an essential element of the claim. It is insisted that by this means less water is required for heat exchanging, and support will be given to the coil suspended in the heat exchanger. Certainly the art, as shown by the Patent Office, does not show this feature. The reason given for disregarding this specific limitation is thus stated by the Board of Appeals: "In the British patents above noted, the cooling coils do not seem to rest on intervening partitions but are located between these partitions. The examiner notes that the patentees do not state definitely where these coils should be located and it may well be due to gravity, the coils will rest on the intervening partitions. Independent of that fact, we do not find patentability in this slight change in arrangement of the pipe coils. We note that Lightfoot states (lines 41–44, page 4) when using his arrangement as a refrigerant for water or other fluid, the water or fluid to be cooled enters by 10 and descends by the passage 7 and the refrigerating medium enters at the bottom and ascends in the pipes 8. Similarly in appellant's construction the fluid to be cooled enters at the top of the refrigerating element and is withdrawn at the bottom and for that reason the refrigerating unit need not be full in order to allow refrigeration and outward flow in either construction. We are satisfied the Lightfoot disclosure is a fair anticipation of claims 20, 21, and 22."

We are unable to concur with the Board of Appeals in its views. It appears quite obvious that the features shown by the appellant are useful, and do create a step in advance in the art, and are not answered by an invocation of the laws of gravity. We believe, therefore, that the Board of Appeals was in error in this respect, and that claims 20, 21, and 22 should have been allowed.

As to claim 19, however, we coincide with the view of the Board of Appeals. This claim was taken from the Baer patent, and will read upon the Baer patent. However, in the Baer construction the limbs of the coils are arranged approximately centrally of the limbs of the passage through which they extend. The appellant seeks to meet that question by insisting that the limbs of his coil are centrally of his passages laterally, but Baer does not so limit it in his claims. "Centrally" means in the center of the passage. Aside from this, his figures show plainly that "centrally" means with Baer in the center of the space, and that must be the meaning to be attached to the word. Claim 19 was, therefore, properly denied.

The decision of the Board of Appeals of the United States Patent Office is modified, it being affirmed as to claim 19 and reversed as to claims 20, 21, and 22.